*Not for publication*



**ORDERED in the Southern District of Florida on July 2, 2026.**

**Craig A. Pugatch, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:                                          CASE NO.  24-16314-CAP

MARIO MEHRAN MOEINIFAR,                          Chapter  7

      Debtor.
_____/
LESLIE S. OSBORNE, TRUSTEE,                       ADV. CASE NO. 25-01237-CAP
KENNETH A WELT, TRUSTEE,
TAMBRAM INVESTMENTS, LP,
SAMUEL STERN,

      Plaintiffs,
vs.

 MARIO MEHRAN MOEINIFAR, et al.,

      Defendants.
_____/

## ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING DISMISSAL OF COUNTS IX THROUGH XV WITHOUT <u>PREJUDICE</u>

This matter came before the Court for hearing on June 30, 2026 (the "Hearing") upon the Motion for Judgment on the Pleadings (Dkt. No. 103) (the "Motion") filed by Defendant Mario Mehran Moeinifar (the "Debtor"), Elnaz Torabi, and the entity defendants collectively defined as the "Business Defendants" (together, "Defendants" or "Movants"); the Response in Opposition (Dkt No. 136) filed by Plaintiff and Chapter 7 Trustee Leslie S. Osborne ("Plaintiff"); the Joinder filed by Tambram Investments, LP (Dkt. No. 137); the Response and Reservation of Rights filed by Plaintiff and Chapter 7 Trustee Kenneth A. Welt (Dkt. No. 138); and Defendants' Reply (Dkt. No. 161).

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), made applicable by Bankruptcy Rule 7012(b), is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). The Court accepts the well-pleaded factual allegations of the non-moving party as true and views them in the light most favorable to that party, and may grant judgment only where there is no material issue of fact and the movant is entitled to judgment as a matter of law. In doing so the Court is confined to the pleadings, documents central to and referenced in the complaint, and facts subject to judicial notice; a movant's reliance on matters outside the pleadings to establish disputed facts is not a proper basis for relief under Rule 12(c). Fed. R. Civ. P. 12(d).

Defendants first argue that the Amended Complaint (Dkt. No. 50) is a "shotgun pleading" that violates Federal Rule of Civil Procedure 8 and 10[1]. The

---

[1] Applicable to this adversary proceeding through Fed. R. Bankr. P. 7008 and 7010.

Court acknowledges that the Amended Complaint is lengthy and that its wholesale incorporation of all 631 paragraphs of general allegations into each and every count is not a model of compliance with Rules 8 and 10.

Ordinarily, a challenge of this type comes before the Court in the procedural posture of a motion to dismiss. Here, the Defendants answered the Amended Complaint and filed a motion for judgment on the pleadings. The Plaintiff argues that in this procedural posture, challenges grounded in Rules 8, 9, and 10 are no longer applicable. The Court disagrees, in part.

Because the 12(b)(6) standard is imported into Rule 12(c), the procedural pleading rules under Rules 8, 9, and 10 do not completely disappear, their utility changes. Rule 8 is no longer purely procedural; it defines what constitutes a "well-pleaded factual allegation" that a court must accept as true. Conclusory allegations, threadbare recitals of elements, and bare statutory allegations are not accepted as true. Therefore, if a complaint contains only bare statutory allegations, it fails to state a plausible claim under Rule 8, and a Rule 12(c) motion can be used to attack the complaint on the grounds that there are no "well-pleaded" facts to accept as true. Likewise, if a plaintiff alleges fraud but fails to plead the paradigm "who, what, when, where, and how" required by Rule 9(b), the defendant may argue on a 12(c) motion that the allegations are legally insufficient to state a claim for fraud. To the contrary, technical violations of Rule 10 (e.g., paragraph numbering, separating claims into counts) are almost entirely irrelevant by the time a 12(c) motion is filed. These are purely formal defects, and

3

unless they render the entire complaint completely unintelligible, they cannot support a judgment on the merits.

The Court finds that judgment for Defendants is not the appropriate remedy under the facts and circumstances in this case. The remedy for a pleading that offends Rules 8 and 10 is ordinarily an order requiring a more definite statement or repleader, not the entry of a merits-based judgment. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295-96 (11th Cir. 2018). In addition to a bankruptcy court's inherent authority to manage its docket, Eleventh Circuit law provides that a litigant must have an opportunity to fix a shotgun complaint before it is dismissed with prejudice, and that the court should tell the plaintiff specifically how the pleading is deficient. *See id.* The court may *sua sponte* order repleader even without a pending Rule 12(e) motion for a more definite statement. *See id.*

Defendants rely on the Court's prior dismissal orders[2] of certain counts as to co-defendant Samira Khalafi and argue plaintiffs already had their chance to amend the complaint and "doubled down," so no further amendment is warranted. However, while substantively similar, the Court's prior dismissal orders addressed specific counts as to *Khalafi*, not a global Rule 8 and 10 repleader directed at plaintiffs with respect to the current Movants. Based on this record, the "one chance to cure the shotgun defect" required by the Eleventh Circuit arguably has not yet been given to the plaintiffs, weighing in favor of ordering amendment to the complaint rather than entering final disposition.

---

[2] Dkt. Nos. 47, 82.

The substantive analysis of a Rule 12(c) motion for judgment on the pleadings is governed by the same substantive (as opposed to procedural) standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). This standard does not entirely remove compliance with Rule 8, 9, and 10 from the analysis. However, the unifying vice that the shotgun-pleading doctrine guards against is the failure to give a defendant adequate notice of the claims and the grounds on which they rest.

Here, Defendants were able to understand the allegations well enough to file a comprehensive answer. A defendant able to frame so detailed a response cannot be said to lack fair notice of the claims against it. The crux of the Movants' challenge is not that they cannot discern the claims against them, but that the asserted claims are not sufficiently pleaded to warrant relief. The Court therefore finds that the Amended Complaint sufficiently apprises Defendants of the claims and the grounds upon which they rest, and declines to enter judgment on the shotgun-pleading basis alone.

The Court denies the Motion to the extent it seeks final judgment for Defendants on any count. The Court observes, however, that the Amended Complaint as a whole would benefit from repleading under Rules 8 and 10. The Court accordingly turns to the issue of the sufficiency of the substantive allegations supporting plaintiffs' claims.

The Court finds that the counts pursuant to 11 U.S.C. §727 (Counts I-VIII) are sufficient to survive a judgment on the pleadings in favor of Defendants under Rule 12(c). The Amended Complaint contains nearly 61 pages stating

alleged testimony, assertions of intent, and statements by Defendants. These allegations, taken as true, state plausible objections to discharge under section 727. Accordingly, the Motion is denied as to Counts I, II, III, IV, V, VI, VII, and VIII.

This is not the case with respect to Counts IX, X, XI, XII, XIII, XIV, and XV. In addition to the "shotgun pleading" argument, Defendants alternatively argue that these counts fail to allege sufficient ultimate facts. While at the Hearing Plaintiff pointed to some allegations to support each claim, those allegations are imprecisely stated, established by inference and reference to prior defendant testimony, or, in some instances, conclusory without the required facts to support the claim. The Plaintiff argues that the Amended Complaint alleges facts, in many instances, by asserting the falsity of statements made by certain defendants. However, plaintiffs' complaint does not expressly and affirmatively allege these facts or conduct in a manner that sufficiently supports the claims. Alleging that a statement is false is not the equivalent of affirmatively alleging that the contents of such statement occurred. Allegations of conduct or facts supporting plaintiffs' claims should be affirmatively alleged to support their claims. The Court also finds the Amended Complaint insufficient due to the imprecise allegations of conduct attributed collectively to multiple Business Defendants without specific identification of which entity or entities are

6

responsible for the alleged conduct.[3] Specifically, but without limitation, the Court notes the following pleading deficiencies with respect to Counts IX – XV:

a) Counts IX and X (alter ego and related declaratory relief) allege dominion and control but are not pleaded entity-by-entity and are pleaded in conclusory fashion. As repleaded, each such count should allege facts as to each entity, or clearly specify to which entity the allegations are asserted, and identify of whom each entity is alleged to be the alter ego.

b) Count XI (fraudulent transfer) fails to sufficiently assert the transfer of property of the Debtor and to whom. The Court notes that the specificity required to survive a motion to dismiss does not require a precise dollar amount, value, or every detail of the transaction, but plaintiffs must, in addition to the intent and the other elements to support the claim, allege what was transferred and to whom.

c) Count XIII (preference) suffers from the same defect as stated above regarding Count XI. In addition, Count XIII fails to sufficiently allege a required antecedent debt. While a preference claim need not be pleaded with specificity under Rule 9, a sufficiently pleaded preference claim must allege both the transfer made and the antecedent debt on account of which it was made.

---

[3] In light of the plaintiffs' agreed dismissal of several Business Defendants (Dkt. No. 164), which was granted at the Hearing and entered by separate order (Dkt. No. 168), a second amended complaint is appropriate to restate the claims as against whom they are asserted, to remove the dismissed defendants, and any allegations no longer relevant to such claimants.

d) Count XII (turnover) fails to identify undisputed estate property in a defendant's possession during the case.

e) Count XIV (post-petition transfer) must, like the other transfer counts, allege what was transferred, to whom, and when, since recovery under 11 U.S.C. §549 depends on transfers occurring after the petition date.

f) Count XV (civil conspiracy), does not sufficiently allege the independent wrong on which plaintiffs rely. Civil conspiracy is not an independent tort, but an accessory claim and plaintiffs must allege the underlying wrong the Defendants are alleged to have conspired to commit, and sufficient facts to support that underlying wrong.

The Court, having considered the Motion, the responses and reply, the record, the argument of counsel at the Hearing, and for the foregoing reasons, dismisses Counts IX, X, XI, XII, XIII, XIV, and XV without prejudice. The Court orders plaintiffs to replead such counts if they wish to proceed with the relief under these counts.

Count XVI (objection to exemptions) restates the pending contested matter asserting objections to the Debtor's claims of exemption. Without ruling on the merits of the allegations, the Court finds that an objection to exemptions has been timely and sufficiently asserted. The Motion as to Count XVI is denied.

Accordingly, it is **ORDERED** as follows:

1. The Motion is **DENIED** as to Counts I, II, III, IV, V, VI, VII, VIII, and XVI.

2. The Motion is **GRANTED** in part, and Counts IX, X, XI, XII, XIII, XIV, and XV are **DISMISSED without prejudice with leave to amend.**

3. Plaintiffs are ordered to replead if they wish to proceed with the relief requested under the dismissed counts. Failure to amend a dismissed count or claim will result in dismissal of that claim with prejudice as against the Movants.

4. Plaintiffs shall file an amended complaint on or before August 15, 2026. Defendants shall answer any filed amended complaint on or before September 15, 2026.

###

Copies furnished to:
Stephen C. Breuer, Esq.

*Attorney Breuer must serve a copy of this order on all parties entitled to notice thereof and file a certificate of service as required by Local Rule 9036-2.*